UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PAULA PERRY                           :
                                      :
        Plaintiff,                    :        CIVIL ACTION NO.
                                      :
    v.                                :
                                      :        JURY TRIAL DEMANDED
EAGLE LAKE COMMUNITY                  :
ASSOCIATION, INC.                     :
                                      :
        and                           :
                                      :
AMOS VERED                            :
                                      :
        Defendants                    :

## COMPLAINT

NOW COMES the Plaintiff, PAULA PERRY, by and through her undersigned counsel, and hereby complains of the Defendants, EAGLE LAKE COMMUNITY ASSOCIATION, INC. and AMOS VERED, as follows:

### PARTIES

1.     Plaintiff, Paula Perry ("Perry" or "Plaintiff") is an adult citizen of the United States residing in Covington Township, Lackawanna County, Pennsylvania.

2.     Defendant, Eagle Lake Community Association, Inc. ("Eagle Lake") is a domestic nonprofit corporation with a registered address of Twp. Rte. 341 Covington Township, Pennsylvania, P.O. Box 305, Gouldsboro, Pennsylvania.

3.      Eagle Lake owns and operates a gated recreational vehicle private community in Gouldsboro, Lackawanna County, Pennsylvania.

4.      Eagle Lake does business in Pennsylvania and in the Middle District of Pennsylvania.

5.      At all times relevant hereto, Eagle Lake was the Employer of Plaintiff within the meaning of Title 42, United States Code Section 2000e - (b), and 43 P.S. Section 954(b).

6.      Defendant, Amos Vered ("Vered") is an adult citizen of the United States residing in Clarks Summit, Lackawanna County, Pennsylvania.

7.      At all times relevant hereto, Vered was a member of the Board of Directors of Eagle Lake and was the Secretary of the corporation.

8.      At all times relevant hereto, Vered was a person liable for aiding and abetting the unlawful sexual harassment of Plaintiff and for retaliating against Plaintiff within the meaning of 43 P.S. Section 955(d) and (e).

**JURISDICTION AND VENUE**

9.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under Title 28, United States Code, Sections 1331 and 1343, this action being brought under Title VII of the Civil Rights Act of 1964, Title 42, United States Code, § 2000e et seq.   Plaintiff also asserts claims

under the Pennsylvania Human Rights Act, 43 P.S. § 951 et seq., for which there is pendent and supplemental jurisdiction.

10.     Plaintiff has exhausted all administrative prerequisites to the filing of this suit by initiating a Complaint with the Equal Employment Opportunity Commission ("EEOC") and dual filing the same with the Pennsylvania Human Relations Commission ("PHRC"). The Plaintiff's EEOC Charge Number is 530-2023-04666.

11.     The EEOC issued a Notice of Right to Sue to Plaintiff on April 28, 2023.

12.     Venue is proper in the United States District Court for the Middle District of Pennsylvania. The unlawful employment practices hereinafter described have been committed in the Middle District of Pennsylvania, the employment records relevant to those practices are, on the information and belief of Plaintiffs, maintained and administered at the offices of Eagle Lake in the Middle District of Pennsylvania and the Defendants reside and conduct business in this District.

## FACTS

13.     Plaintiff hereby incorporates the foregoing Paragraphs as if the same were fully set forth at length.

3

14. At all pertinent times hereto, Eagle Lake was governed by a Board of Directors consisting of five (5) directors.

15. At all pertinent times hereto, Vered was a member of the Eagle Lake Board of Directors, having been elected to the position in May 2022. At all pertinent times hereto, Vered was the Corporate Secretary of Eagle Lake.

16. All actions taken by Vered against Perry were in his capacity of a member of the Eagle Lake Board of Directors and Corporate Secretary.

17. Eagle Lake is vicariously liable for the actions of Vered acting as a member of the Eagle Lake Board of Directors and Corporate Secretary.

18. At all pertinent times hereto, Perry was employed by Eagle Lake as the Director of Operations, having been rehired into the position in May 2022.

19. As Director of Operations, Perry reports directly to the Board of Directors. As such, Perry has contact with Vered as both a board member and as Secretary for the corporation.

20. Perry is female and Vered is male.

21. Shortly after he was elected to the Board of Directors, Vered began to make personal, inappropriate, offensive and gender-based comments to Perry regarding her appearance and her family.

4

22.    For example, but not intended to comprise an exhaustive list of such comments, Vered made frequent comments about Perry's hair and clothing and referred to Perry as a "Barbie" and a "trust fund baby". Vered made these comments both directly to Perry and to others at Eagle Lake about Perry.

23.    Vered questioned Perry in front of other employees regarding her salary, implying that her salary was too high.

24.    Vered also questioned Perry on multiple occasions and in front of other employees as to whether her son had Down Syndrome.

25.    Vered frequently referred to Perry's attempts to perform her job duties and to her objections to and complaints about his behavior to her as "overplayed dramatics".

26.    Vered frequently used sexually offensive language and innuendo regarding Perry and other women. For example, Vered has referred to Perry as a "c**t" and has referred to his own wife as a "f***ing c**t".

27.    On the evening of July 4, 2022, Perry and other employees were directing vehicular traffic using lighted traffic wands when they were encountered by Vered. When Perry asked Vered if he would like a wand to assist them with directing traffic, he responded "does it come with vaseline?", referencing a sexual

5

use of the wand. Other employees present were also highly offended by Vered's comment.

28. Upon information and belief, other employees have been subjected to sexual harassment and a hostile work environment by Vered, both by witnessing his harassment of Perry and also by being personally and directly subjected to Vered's sexual harassment.

29. Vered's comments and behavior against Complainant and other female employees were unprovoked and unwelcome.

30. Vered's comments and sexual harassment have occurred continuously from May 2022 to the present.

31. Despite complaints regarding Vered's harassment and direct knowledge of the same, Eagle Lake has not protected Perry and other female employees from Vered.

32. Vered's sexual harassment and Eagle Lake's tolerance thereof have created a hostile work environment for Perry and other female employees.

33. Perry voiced her objection to Vered and has also complained verbally and in writing to Eagle Lake regarding Vered's comments.

34. Following Perry's objections and complaints, Vered embarked on a pattern of intimidation, retaliation and harassment to silence her and other female employees from voicing their complaints.

35. For example, Vered has attacked Perry personally as she attempted to perform her job duties and used threats of criminal charges when she sought to follow the direction of the Board of Directors and legal counsel for Eagle Lake.

36. Vered has alleged that Perry "orchestrated" other employees' complaints about his inappropriate comments and behavior and attempted to prevent other employees' written complaints from being transmitted to Eagle Lake's legal counsel for investigation.

37. Specifically in retaliation for Perry's complaints about his harassment, on March 29, 2023, Vered filed a complaint with the Pennsylvania Attorney General regarding Perry, stating that he has been accused of improprieties and that Perry was orchestrating attacks on him, and he believed she would file suits for sexual harassment and hostile work environment.

38. Vered has also utilized his position as Corporate Secretary to manipulate various meeting minutes to remove discussions of his harassment and to include his "opinion" that Perry was "setting him up" or otherwise targeting him for harassment.

7

39.   These minutes have then been publicized on social media and used to further target and retaliate against Perry.  Upon information and belief, Vered has been instrumental in causing the social media posts targeting Perry.

40.   As a result of the sexual harassment, hostile work environment and retaliation she has experienced, Perry has suffered embarrassment, humiliation, fear and emotional distress.

## COUNT I
## GENDER DISCRIMINATION
## VIOLATION OF TITLE VII
## VS.
## EAGLE LAKE COMMUNITY ASSOCATION, INC.

41.   Plaintiff hereby incorporates the foregoing Paragraphs as if the same were fully set forth at length.

42.   At all times relevant hereto, Eagle Lake was the Employer of Plaintiff within the meaning of Title 42, United States Code Section 2000e - (b).

43.   At all times relevant hereto, Vered was Plaintiff's supervisor.

44.   Vered's sexual harassment and Eagle Lake's tolerance thereof have created a hostile work environment for Perry and other female employees.

45.   Despite knowledge of the sexual harassment and hostile work environment created by Vered, Eagle Lake has taken no action to stop Vered's harassment and protect Perry and other female employees.

WHEREFORE, Plaintiff prays before this Honorable Court for relief from past and continued violations of Title VII in the form of:

a. Declaring that the acts and practices complained of herein are in violation of Title VII;

b. By enjoining and permanently restraining the violations of Title VII;

c. Directing Eagle Lake to take such affirmative actions as is necessary to ensure that the effects of these unlawful unemployment practices are eliminated and do not continue to affect the Plaintiff's employment;

d. Award the Plaintiff the costs of this action, together with reasonable attorneys' fees;

e. Direct Eagle Lake to pay the Plaintiff's compensatory and punitive damages or liquidated damages for willful discrimination in violation of Title VII;

f. Grant such other relief as the Court may deem just and proper under the circumstances.

**COUNT II**
**RETALIATION**
**VIOLATION OF TITLE VII**
**VS.**
**EAGLE LAKE COMMUNITY ASSOCATION, INC.**

46. Plaintiff hereby incorporates the foregoing Paragraphs as if the same were fully set forth at length.

47. Perry has voiced her objections to Vered and has also complained verbally and in writing to Eagle Lake regarding Vered's comments.

9

48.    Following Perry's objections and complaints, Vered embarked on a pattern of intimidation, retaliation and harassment to silence her and other female employees from voicing their complaints.

49.    Eagle Lake had knowledge of Vered's retaliatory conduct and has taken no action to remedy the retaliation.

50.    Vered's retaliatory conduct and Eagle Lake's inaction regarding the same violates Title VII.

51.    At all times relevant hereto, Eagle Lake was the Employer of Plaintiff within the meaning of Title 42, United States Code Section 2000e - (b).

52.    At all times relevant hereto, Vered was Plaintiff's supervisor.

WHEREFORE, Plaintiff prays before this Honorable Court for relief from past and continued violations of Title VII in the form of:

      a.    Declaring that the acts and practices complained of herein are in violation of Title VII;

      b.    By enjoining and permanently restraining the violations of Title VII;

      e.    Directing Eagle Lake to take such affirmative actions as is necessary to ensure that the effects of these unlawful unemployment practices are eliminated and do not continue to affect the Plaintiff's employment;

      f.    Award the Plaintiff the costs of this action, together with reasonable attorneys' fees;

10

e.  Direct Eagle Lake to pay the Plaintiff's compensatory and punitive damages or liquidated damages for willful discrimination in violation of Title VII;

f.  Grant such other relief as the Court may deem just and proper under the circumstances.

**COUNT III**
**GENDER DISCRIMINATION**
**VIOLATION OF PHRA**
**VS.**
**EAGLE LAKE COMMUNITY ASSOCATION, INC.**
**And**
**AMOS VERED**

53.  Plaintiff hereby incorporates the foregoing Paragraphs as if the same were fully set forth at length.

54.  Vered's sexual harassment and Eagle Lake's tolerance thereof have created a hostile work environment for Perry and other female employees.

55.  Despite knowledge of the sexual harassment and hostile work environment created by Vered, Eagle Lake has taken no action to stop Vered's harassment and protect Perry and other female employees.

56.  At all times relevant hereto, Eagle Lake was the Employer of Plaintiff within the meaning of 43 P.S. Section 954(b).

57.  At all times relevant hereto, Vered was a person liable for aiding and abetting the unlawful sexual harassment of Plaintiff within the meaning of 43 P.S. Section 955(e).

WHEREFORE, Plaintiff prays before this Honorable Court for relief from past and continued violations of the PHRA in the form of:

a.   Declaring that the acts and practices complained of herein are in violation of the PHRA;

b.   By enjoining and permanently restraining the violations of the PHRA;

c.   Directing the Defendant to take such affirmative actions as is necessary to ensure that the effects of these unlawful unemployment practices are eliminated and do not continue to affect the Plaintiff's employment;

d.   Award the Plaintiff the costs of this action, together with reasonable attorneys' fees;

e.   Direct the Defendant to pay the Plaintiff's compensatory damages for discrimination in violation of the PHRA;

f.   Grant such other relief as the Court may deem just and proper under the circumstances.

## COUNT IV
## RETALIATION
## VIOLATION OF PHRA
## VS.
## EAGLE LAKE COMMUNITY ASSOCATION, INC.
### And
## AMOS VERED

58.   Plaintiff hereby incorporates the foregoing Paragraphs as if the same were fully set forth at length.

12

59.   Perry has voiced her objections to Vered and has also complained verbally and in writing to Eagle Lake regarding Vered's comments.

60.   Following Perry's objections and complaints, Vered embarked on a pattern of intimidation, retaliation and harassment to silence her and other female employees from voicing their complaints.

61.   Eagle Lake had knowledge of Vered's retaliatory conduct and has taken no action to remedy the retaliation.

62.   At all times relevant hereto, Eagle Lake was the Employer of Plaintiff within the meaning of 43 P.S. Section 954(b).

63.   At all times relevant hereto, Vered was a person liable for retaliating against Plaintiff within the meaning of 43 P.S. Section 955(d).

64.   Vered's retaliatory conduct and Eagle Lake's inaction regarding the same violates the PHRA.

WHEREFORE, Plaintiff prays before this Honorable Court for relief from past and continued violations of the PHRA in the form of:

    a.   Declaring that the acts and practices complained of herein are in violation of the PHRA;

    b.   By enjoining and permanently restraining the violations of the PHRA;

    c.   Directing the Defendant to take such affirmative actions as is necessary to ensure that the effects of these unlawful

13

unemployment practices are eliminated and do not continue to affect the Plaintiff's employment;

d.    Award the Plaintiff the costs of this action, together with reasonable attorneys' fees;

e.    Direct the Defendant to pay the Plaintiff's compensatory damages for discrimination in violation of the PHRA;

g.    Grant such other relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

**WRIGHT, REIHNER & MULCAHEY**

By:     /s/ Danielle M. Mulcahey

Danielle M. Mulcahey
Pa. I.D. No. 76999
148 Adams Avenue
Scranton, PA  18503
(570) 961-1166
(570) 961-1199 – fax

Attorney for Plaintiff

Dated: May 17, 2023

14