UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULA PERRY, | : |
| Plaintiff | : CIVIL ACTION NO. 3:23-811 |
| v. | : (JUDGE MANNION) |
| EAGLE LAKE COMMUNITY ASSOCIATION, INC. and AMOS VERED, | : |
| Defendants | : |

### MEMORANDUM

Pending before the court are partial motions to dismiss filed on behalf of defendants Vered (Doc. 13) and Eagle Lake Community Association, Inc. ("Eagle Lake") (Doc. 15). Upon review, defendants' motions will be **GRANTED**.

On May 17, 2023, the plaintiff filed the instant action which sets forth claims under Title VII against Eagle Lake for gender discrimination (Count I) and retaliation (Count II), as well claims under the Pennsylvania Human Relations Act ("PHRA") for gender discrimination (Count III) and retaliation (Count IV) against both Eagle Lake and Vered. The defendants have moved to dismiss Counts III and IV of the complaint for the plaintiff's failure to exhaust administrative remedies under the PHRA.

In her complaint, the plaintiff alleges that she exhausted all administrative prerequisites to the filing of this action by initiating a complaint with the Equal Employment Opportunity Commission ("EEOC") and dual filing the same with the Pennsylvania Human Relations Commission ("PHRC"). (Doc. 1, ¶10). A review of that complaint reflects it was filed on or about April 21, 2023. (Doc. 14-1). The plaintiff alleges that the EEOC issued a right to sue letter on April 28, 2023. (Doc. 1, ¶11).

Under Pennsylvania law, a plaintiff is required to exhaust administrative remedies under the PHRA before filing a civil action. 43 Pa.C.S. §962(c)(1); *Harrison v. Health Network Lab'ys Ltd.*, 232 A.3d 674, 683 (Pa. 2020), *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997). When a claim is filed with the PHRC, the PHRC has exclusive jurisdiction over the claim for one year after its filing, unless the PHRC resolves the claim before the end of the one-year period. 43 P.S. §962(c)(1). If after one year the claim has not been resolved, the plaintiff may then file suit in court. *Id.*; *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001).

Once a plaintiff files a charge under the PHRA, she must adhere to the mandatory administrative procedure. The administrative process is not discretionary. *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917,

921 (Pa. 1989). Thus, if a plaintiff fails to complete the administrative process prior to filing a civil action, dismissal of the PHRA claims is required. *Id.* at 922-23.

In this case, the defendants argue that, although the plaintiff dual filed her complaint with the EEOC and the PHRC, and the EEOC issued a right to sue letter, no disposition has been made by the PHRC. The defendants further argue that, since the plaintiff's complaint was dual filed on April 21, 2023, the one-year time period for which the PHRC retains exclusive jurisdiction has yet to lapse. As such, the defendants argue that administrative remedies are not yet exhausted on Counts III and IV of the plaintiff's complaint and those counts should be dismissed.

In response, the plaintiff argues that her dual filing the EEOC complaint and receiving a right to sue letter from that agency satisfies the exhaustion requirement for purposes of her PHRA claims. In so arguing, the plaintiff cites *Real-Loomis v. The Bryn Maur Trust Co.*, 2021 WL 1907487 (E.D.Pa. 2021). However, *Real-Loomis* appears to be an anomaly as it seems to stand alone in disregarding the mandatory exhaustion requirements of the PHRA. In fact, in a more recent case, the Eastern District rejected the position taken in *Real-Loomis*. *See Piety Foley v. Drexel University*, 2023 WL 3767722 (E.D.Pa. June 1, 2023). The plaintiff acknowledges the *Piety* decision but urges the

- 4 -

court to follow the decision set forth in *Real-Loomis.* This the court cannot do. The exhaustion requirements of the PHRA are mandatory and dictate dismissal of PHRA claims where the administrative process has not been complete prior to the filing of a civil action. *See e.g., Should v. Select Rehab, LLC*, 2022 WL 2118322 (M.D.Pa. June 13, 2022). The plaintiff's claims will, however, be dismissed without prejudice subject to refiling at the appropriate time.

An appropriate order shall issue.

MALACHY E. MANNION
United States District Judge

**DATE: March 13, 2024**
23-363-01